# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THEODORE JAY RANDOLPH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | **MEMORANDUM OPINION AND RECOMMENDATION** <br><br> 1:08CV839 |

Plaintiff, Theodore Jay Randolph, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for Disability Insurance Benefits and Supplemental Security Income under, respectively, Titles II and XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 24, 2004, alleging a disability onset date of February 6, 1999. Tr. 54.[1] The applications were denied initially and upon reconsideration. Tr. 21-24, 340-41. Plaintiff requested a hearing *de novo* before an

---

[1] Plaintiff's SSI application is missing from the record.

Administrative Law Judge ("ALJ"). Tr. 43. By decision dated November 6, 2006, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 9. On September 19, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 4, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity since February 6, 1999, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbosacral degenerative disc disease and cervical disc disease (20 CFR 404.1520(c) and 416.920(c)). His urethral stricture has improved and is non-severe.

Tr. 14.

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. The claimant has the residual functional capacity for less than a full range of light work. He is able to lift/carry up to five to ten pounds. He is able to push/pull up to five pounds. He is able to stand/walk for a total of four hours per work day, but not for more than one hour at a time. He is able to sit for about a total of four hours per work day, but not for more than one hour at a time. He is unable to climb.

Tr. 16.

    6.    The claimant is unable able to perform any past relevant work (20 CFR 404.1565 and 416.965).

Tr. 18.

    7.    The claimant was born on June 1, 1964, and was 34 years old on the alleged disability onset date, which is defined as a younger individual aged 18-44 (20 CFR 404.1563 and 416.963). He is now 42 years old.

    8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

    9.    Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

    10.    Considering the claimant's age, education, work experience and residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

Tr. 19.

    11.    The claimant has not been under a "disability," as defined in the Social Security Act, from February 6, 1999, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 20.

**<u>Analysis</u>**

In his brief before the court, Plaintiff argues that the ALJ committed reversible error by failing to adequately discuss the opinion of Plaintiff's treating physician, Dr. Ronald A. Gioffre, regarding limitations upon Plaintiff's ability to bend, stoop and squat. Plaintiff also argues that the ALJ's RFC assessment excluding those limitations is not supported by substantial evidence, and that the ALJ failed to

comply with Social Security Ruling 83-12. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by

---

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1), and for SSI at 42 U.S.C. § 1382(a).

substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issues

1. Evaluation of Treating Physician Opinion and RFC Assessment

Plaintiff argues that the ALJ failed to fully evaluate the opinions rendered by his treating physician, Dr. Gioffre. Specifically, Plaintiff contends that the ALJ erred in failing to consider and discuss a note signed by Dr. Gioffre on February 25, 2000,

5

releasing Plaintiff to return to work.  Docket No. 10 at 5 (citing Tr. 199).  In that note, Dr. Gioffre stated Plaintiff was able to return to light work duties effective immediately, but that Plaintiff was restricted to duties with no lifting greater than 20 pounds; no bending, stooping or squatting; and no prolonged sitting or standing.  Tr. 199.  In an earlier treatment note dated September 2, 1999, however, Dr. Gioffre stated that he would return Plaintiff to light duty status with restrictions not to lift greater than 20 pounds and no *prolonged* bending or stooping.  Tr. 202 (emphasis added).

In his decision, the ALJ stated, without specific citation to the record, that the evidence showed that Plaintiff was released to light work requiring Plaintiff to lift no greater than 20 pounds and no prolonged bending or stooping.  See Tr. 15.  He further stated that Plaintiff was released to full-time light work on February 25, 2000, citing to Tr. 199.  See Tr. 15.  The ALJ made no mention of the bending, stooping or squatting restrictions as stated in the February 25, 2000, work release note.  See Tr. 15.  The ALJ also declined to include those limitations in his RFC assessment.

The ALJ is obligated to consider medical opinions together with all the other relevant evidence.  See 20 C.F.R. § 404.1527(b).  It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein.  See Hays, 907 F.2d at 1456; Taylor v. Weinberger, 528 F.2d 1153, 1156 (4th Cir. 1975).  Nevertheless, an ALJ may not reject medical

6

evidence without sufficiently explaining his rationale.  See King v. Califano, 615 F.2d 1018, 1020 (4th Cir. 1980); 20 C.F.R. §§ 404.1527(d) and 416.927(d).

The Commissioner has a duty to "present [the court] with findings and determinations sufficiently articulated to permit meaningful judicial review." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).  In Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984), the Fourth Circuit explained why the duty was so crucial:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

Id. at 236 (quoting Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977)).  The reviewing court requires the fact finder "to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."  Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003).  Here, the ALJ neglected to expressly consider the limitation on bending, stooping or squatting stated in Dr. Gioffre's February 25, 2000, note.  See  Tr. 15.

Nevertheless, not all omissions by the ALJ render a decision reversible.  See Kurzon v. United States Postal Service, 539 F.2d 788 (1st Cir. 1976).

7

> While agency decisions must be sustained, if at all, on their own reasoning, this principle does not mechanically compel reversal when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached. Where a subsidiary finding is unfounded, the court will remand the case to the agency for further consideration only if the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture.

Id. at 796 (1st Cir. 1976) (internal citations omitted), quoted in Pechatsko v. Commissioner of Soc. Sec., 369 F. Supp. 2d 909, 912 (N.D. Ohio 2004).

In this case, the ALJ's error is inconsequential to the ultimate disability determination. See Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006) (applying the doctrine when "the ALJ's error, if any indeed existed, was inconsequential to the ultimate nondisability determination"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). As the Commissioner correctly points out, at least two of the jobs identified by the VE that could be performed by a person of the same age, educational background and work experience as Plaintiff, with the RFC as expressed by the ALJ, require no stooping or crouching.[3] See Dictionary of Occupational Titles 211.462-010 (Cashier II); 726.687-010 (Electronics Worker) (4th ed. 1991)("DOT"). Accordingly, even if the ALJ had limited Plaintiff to jobs with no bending, stooping or crouching, he still would have been found, based on the testimony of the VE, to be not disabled. Thus any error by the ALJ for failing to

---

[3] Stooping and crouching are both identified in the DOT as activities that do not exist in these jobs. Squatting is not included in the list of possible activities.

8

discuss Dr. Gioffre's opinion or include these limitations would be harmless.  See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (refusing to remand where there was no "reason to believe that the remand might lead to a different result").

2.   Social Security Ruling 83-12

Plaintiff next argues that the ALJ committed reversible error by failing to comply with Social Security Ruling 83-12 ("SSR 83-12").  Plaintiff's brief is not a model of clarity and the basis of Plaintiff's argument is not entirely clear to the court.  Initially, Plaintiff contends that SSR 83-12 specifies that jobs with sit/stand options are professional and managerial in nature and require past work experience or transferable skills, which Plaintiff lacks.  Docket No. 10 at 6.  Plaintiff then acknowledges that the VE identified light exertional level jobs that Plaintiff can perform given the need for a sit/stand option and the lifting limitations stated in the ALJ's RFC assessment.  Id.  Plaintiff then continues that the VE did not indicate whether the jobs identified accommodate pushing/pulling and climbing limitations.  Id.  Plaintiff does not explain how he contends that the ALJ failed to comply with SSR 83-12.

SSR 83-12 states that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.  In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base."   This is precisely what the ALJ did.  In his decision, the ALJ specified that Plaintiff is limited to sitting or standing not more than

9

one hour at a time.  Tr. 16.  The ALJ included that limitation in his hypothetical questions to the VE, who, in response, testified that there was work existing in significant numbers in the regional economy that an individual with Plaintiff's limitations, including a sit/stand option, can perform.  Tr. 376-77.  The ALJ also included in his hypothetical to the VE that Plaintiff is limited to pushing and pulling only five pounds.  Tr. 376.  Thus, there is no error under 83-12.  Moreover, none of the jobs identified by the VE involve climbing.  See DOT 726.687-010 (Electrical Worker), 211.462-010 (Cashier II), 295.367-026 (Storage-Facility Rental Clerk). Accordingly, under the same analysis discussed above, any error by the ALJ in excluding climbing as a limitation in his hypothetical to the VE would be harmless.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and the correct legal principles were applied.  Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**.  To this extent, Plaintiff's motion for judgment on the pleadings (docket no. 9) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment affirming the Commissioner's decision (docket no. 11) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

/s/ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

August 26, 2011